UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARLINE SKATES,

                         Plaintiff,                                  **ORDER**
                                                                           15-CV-1136 (SJF)(AYS)
      - against-

INCORPORATED VILLAGE OF FREEPORT,

                        Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Before the Court is a Report and Recommendation ("the Report") of Magistrate Judge Anne Y. Shields dated January 28, 2016 recommending that defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted in part and denied in part. Despite service of a copy of the Report upon the attorneys of record for the parties via ECF on the date it was issued, see Docket Entry [18], no party has filed any objections to the Report, sought an extension of time to do so, or contacted the Court in any way. For the reasons stated herein, the Report is accepted in its entirety, and defendant's motion to dismiss is GRANTED as to plaintiff's claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), (2) the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 ("ADA"), (3) 42 U.S.C. § 1981 ("Section 1981"), and (4) New York State Executive Law § 296 ("NYSHRL"), and DENIED as to her claims pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging First Amendment retaliation, and for violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

      A party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.") Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, their "failure to object timely to [that] report waives any further judicial review of the report." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (internal quotations and citation omitted); see also Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (citations omitted); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008). To accept the magistrate's report and recommendation absent a timely objection, the court need only be satisfied that there is no clear error on the face of the record. See FED. R. CIV. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 F. App'x 374 (2d Cir. 2005). Whether or not proper objections have been filed, however, the district judge may, after review, *inter alia*, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Here, the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto. See Caidor, 517 F.3d at 603. As neither party has filed any objections to the Report, sought an extension of time to do so, or

contacted the court in any way, the parties have waived any further judicial review of the findings contained in the Report.  Nonetheless, a careful review of the Report finds no plain error, and accordingly, the Report is accepted in its entirety.  Defendant's motion to dismiss is granted as to Plaintiff's claims under Title VII, the ADA, Section 1981, and the NYSHRL, and denied as to her Section 1983 claims of First Amendment retaliation and her claims pursuant to the FMLA.

The status conference scheduled for September 13, 2016 is advanced to **May 24, 2016 at 11:15 a.m.** in Courtroom 1010 of the Central Islip Courthouse.

SO ORDERED.

                                                  /s/  
                                        SANDRA J. FEUERSTEIN  
                                        United States District Judge

Dated: April 12, 2016  
       Central Islip, New York