UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARLINE SKATES,

                            Plaintiff,                                    **ORDER**
                                                                               CV 15-1136 (SJF) (AYS)

                 -against-

THE INCORPORATED VILLAGE OF
FREEPORT,

                            Defendants.
------------------------------------------------------------X
**ANNE Y. SHIELDS, Magistrate Judge:**

       Plaintiff Earline Skates ("Plaintiff") commenced this action on March 4, 2015, alleging, inter alia, discrimination and retaliation based upon violation of the First Amendment and the Family Medical Leave Act. See Complaint, Docket Entry ("DE") 1. Defendant filed its First Motion to Dismiss on September 14, 2015 DE 15. The District Court referred the motion to dismiss to this Court, and stayed discovery pending the outcome thereof. See ECF Minute Entry 07/16/15.

       On January 28, 2016, this Court issued a Report and Recommendation recommending that the motion to dismiss be granted in part and denied in part. In particular, it was recommended that Plaintiff be allowed to proceed with respect to her: (1) Section 1983 claim of First Amendment retaliation, and (2) claims arising under the FMLA. DE 18. The District Court adopted the R&R on April 12, 2016.

       The District Court established a discovery cut-off date of October 24, 2016. On October 21, 2016, three days before the end of discovery, the District Court granted in part, and denied in part a request to extend discovery, establishing a new discovery cut-off date of January 6, 2017. On December 23, 2016, the parties filed a joint stipulation and proposed order with the District

Court asking to once again extend discovery, seeking an additional 45 days in which to complete discovery. That request was denied by the District Court. Electronic Order dated December 27, 2016. Thus, the parties were aware that the previously determined discovery cut-off date of January 6, 2017 remained in effect.

On January 4, 2017, two days before the expiration of the date upon which discovery was to be concluded, Plaintiff and Defendant made eight phone calls to this Court regarding a deposition that was scheduled for that same date. This Court expended significant time attempting to foster resolutions between the parties. During the phone calls, counsel talked over each other, and refused to work together. This resulted in continuous requests for this Court's intervention. Later that day, presumably after the deposition concluded, Plaintiff filed a motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant's Productions of Witnesses for Examination pursuant to Rule 37. DE 25. On the morning of January 5, 2017, this Court denied the motion without prejudice to renewal in accord with this Court's rules, which require, <u>inter alia</u>, that parties initiate a phone conference regarding all discovery disputes prior to submitting motions. At 4:00 P.M., yesterday, the parties jointly called Chambers, at which time they discussed their dispute. The Court directed each party to file, by the end of the night, a two page letter setting forth their positions as to Plaintiff's proposed Rule 37 motion. Counsel for Plaintiff electronically filed his letter DE 25, and Defense Counsel, due to technical issues, faxed her letter. DE 26. As the Court is in possession of both letters, the Plaintiff's Rule 37 motion is now ripe for decision.

## BACKGROUND

I. <u>The Instant Motion</u>

Plaintiff seeks to have this Court compel Defendant to produce four witnesses by the end

of discovery, which is today. Plaintiff's Counsel states that he has attempted to schedule these depositions since September of 2016. Although counsel noticed these depositions in September of 2016, the parties agreed to postpone the noticed depositions in light of the extension of discovery then in effect.

Plaintiff never noticed any precise dates for the depositions. His motion attaches an email thread between him and Defense counsel. DE 25-3. The email is dated December 14, 2016, less than one month prior to the close of discovery. Defense counsel initiated the email, which set forth dates in January and February for Plaintiff to conduct the depositions. Plaintiff's counsel replied later that date, wherein he named the witnesses that he wished to depose, and his agreement to take the depositions in January or February -- if an extension of time to the discovery schedule was granted. Plaintiff's counsel further requested that Defense counsel agree to December dates for the depositions in the event that a discovery extension was denied. Id. According to Plaintiff's counsel, Defense counsel never confirmed or followed up with any of the alternate deposition dates provided and instead ignored requests for confirmation of deposition dates within the existing discovery period. DE 25-1.

Defense Counsel denies Plaintiff's Counsel's allegation that she never responded with dates to his December 14, 2016 email. Instead, her letter attaches an email dated December 21, 2016, which she sent to Plaintiff's counsel. In that email, Defense counsel states, "[w]ith regard to depositions, we will agree to produce a witness on behalf of the Defendant within the current discovery deadline if you will agree to produce Ms. Skates within the timeframe as well." Defendant's Motion, Ex. B, DE 26. Defense counsel additionally attaches an email Plaintiff's counsel sent to her on December 30, 2016, wherein he stated that he could "stipulate to the remaining depositions, however [he] would need to conduct at least one deposition within the

current discovery period." DE 26, Ex. C.

On December 23, 2016, approximately two weeks before the close of discovery, the parties submitted, as discussed above, a stipulation extending the time for discovery to the District Court. DE 23. As noted, the requested extension was denied.

It is clear that document discovery has been taken and the depositions of the parties have taken place within the time frame established by the District Court. While Plaintiff seeks additional depositions, the Parties have never agreed to work out deposition dates between themselves to schedule those depositions. It is also clear that while those depositions were noticed in September of 2016, the parties never agreed on specific dates to hold those depositions, within the established discovery period. Now, at the eleventh hour, Plaintiff has filed the present Rule 37 motion to compel the production of these additional witnesses.

## DISPOSITION OF THE MOTION

I.  The Parties' Positions

Relying on the conduct described above, Defendant asserts that Plaintiff should be sanctioned under Rule 37. In short, it is Plaintiff's position that "Counsel has now outright refused to produce any of the remaining witnesses to be deposed in this matter, and has further failed to stipulate to Plaintiff's ability to depose said witnesses after the close of discovery in light of defendants complete failure to provide alternate dates months prior - mandating the instant application and request for Court intervention." DE 25 at 2. Plaintiff moves pursuant to Rule 37. He cites specifically to Rule 37(a)(3)(B), which states "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B); DE 25 at 2. Plaintiff reasons that it now appears "that Counsel for Defendant had no real intention in producing any of the witnesses noticed months ago, and has only instead

dangled the carrot for some dilatory purpose or unfair advantage." Id. Thus, Plaintiff moves for an Order compelling the defendant to produce all remaining witnesses to be deposed within the current discovery period, under the penalty of sanctions." DE 25 at 2. The Plaintiff also moves for "reasonable expenses incurred in making this part of the motion, including attorneys' fees, as provided in Fed. R. Civ. P. 37(b)(2)(A), and lastly for sanctions." DE 25 at 3.

Defense Counsel asserts that she has produced a witness as agreed, and therefore has acted in accord with their agreement. DE 26 at 1. Defense Counsel further argues that although she was willing to stipulate to discovery outside of the discovery deadline, such an agreement would be "two sided." DE 26. Defendant argues that as Plaintiff refuses to stipulate to exchange additional discovery outside of the discovery deadline, she refuses to stipulate to depositions outside of the discovery deadline. Id. Defense Counsel further points to the timing of Plaintiff's motion, which was filed within two days of the close of discovery, despite the fact that Plaintiff knew as early as December 21, 2016 that Defendant would only be producing one witness. Id. Defendant therefore argues there is no justification to grant Plaintiff's request to compel the production of four witnesses at this late date.

II.  Legal Principles

Rule 37 of the Federal Rules of Civil Procedure sets forth a variety of sanctions that may be imposed upon parties who fail to comply with discovery obligations, or obey court ordered discovery. Such sanctions range from orders compelling discovery, to striking of pleadings, to outright dismissal. Ehret v. New York City Dept. of Social Services, 102 F.R.D. 90, 92 (E.D.N.Y 1984). The harshest sanctions are appropriate only in the event of repeated defiance of express court orders, or a blatant failure to prosecute. Ehret, 102 F.R.D at 92; Litton Systems, Inc. v. American Tel. and Tel. Co., 700 F.2d 785, 828 (2d Cir. 1983)(noting that the harshest sanctions,

such as dismissal should be used sparingly and only when necessary in "extreme circumstances). Thus, dismissal is only appropriate "after consideration of alternative, less drastic sanctions." La Barbera v. ASTC Laboratories, Inc., 2007 WL 1423233, at *2 (E.D.N.Y 2007) (citations omitted).

Federal Rule of Civil Procedure 37(b)(2)(A) gives the Court authority to issue sanctions for a party's failure to obey a discovery order. In addition, Federal Rule of Civil Procedure 37(b)(2)(C) provides that instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); see also Ingenieria Esterella, S.A. v. Morisseau, 2015 WL 5794334, at *3 (E.D.N.Y. 2015).

Federal Rule of Civil Procedure 37(d) allows the Court to issue sanctions for a party's failure to attend its own deposition. Similar to Rule 37(b)(2)(C), Rule 37(d)(3) states, "[i]nstead of or in addition to [] sanctions, the court must require the party filing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

With these standards in mind the court turns to the merits of the motion.

III. Plaintiff's Motion to Compel Defendant's Witnesses pursuant to Rule 37 is Denied

The Court finds that there is no justification whatsoever to impose sanctions on Defendant. Plaintiff is correct in asserting that Rule 37(a)(3)(B), which begins with "To Compel a Discovery Response," states that "[a] party seeking discovery may move for an order

compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B); DE 25 at 2. However, the rule additionally states:

> that such a motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31;(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37. Plaintiff has failed to establish that sanctions under this rule are appropriate. Additionally, as the motion papers make clear, there has been no violation of a court order, nor is there an allegation that Defendant failed to produce witnesses at a scheduled deposition. As the parties agreed to the taking of only one deposition for each side prior to the close of discovery, the Plaintiff has further failed to show that Defense Counsel acted in bad faith.

Moreover, the Court notes that even if sanctions were appropriate, Plaintiff's request would nevertheless be denied. That is because Plaintiff's motion to compel four individuals to appear for an unnoticed deposition less than forty eight hours prior to the close of discovery is both untimely and unduly burdensome.

## Conclusion

For the foregoing reasons, this Court denies the motion appearing at Docket Entry [25] in its entirety.

Dated: January 6, 2016
Central Islip, New York

                                                  **SO ORDERED:**

                                                  /s/ Anne Y. Shields
                                                  Anne Y. Shields
                                                  United States Magistrate Judge