UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EARLINE SKATES,

                  Plaintiff,

     -against-                          Civil Action No: 15-cv-1136-SJF-AYS

INCORPORATED VILLAGE OF FREEPORT,

                  Defendant.

-------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE</u>**

HENRY LAW GROUP
*Attorneys for the Plaintiff*
*Earline Skates*
825 E. Gate Blvd., Suite 106
Garden City, New York 11530
Phone: (516) 366-4367
Fax:    (516) 688-3955

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………………………1

LEGAL STANDARD…………………………………………………………………..1

ARGUMENT……………………………………………………………………...1

POINT I
DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF
THE EEOC AND/OR NYSDHR FINDINGS OF NO PROBABLE CAUSE………………… .2

POINT II
DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF
ANY MISTATEMENTS IN SKATE'S FREEPORT EMPLOYMENT APPLICATION……....4

CONCLUSION………………………………………………………………………6

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 167 (1988)…………………………………3

<u>Cambra v. Rest. Sch.</u>, No. Civ. A04-2688, 2005 WL 2886220, at *3-5 (E.D. Pa. Nov. 2, 2005)...3

<u>City of New York v. Pullman Inc.</u>, 662 F.2d 910, 915 (2d Cir. 1981)……………………………4

<u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1347 (3d Cir. 2002)……………………………..2

<u>Crimm v. Missouri Pacific R. Co.</u>, 750 F.2d 703, 707 (8th Cir. 1984)………………………...5

<u>Dodson v. CBS Broad., Inc.</u>, 423 F. Supp. 2d 331, 334-335 (S.D.N.Y. 2006)…………………..4

<u>Giannone v. Deutsche Bank Sec., Inc.</u>, No. 03 Civ. 9665, 2005 WL 3577134, at *3 (S.D.N.Y. Dec. 30, 2005)……………………………………………………………………………………..4

<u>Johnson v. Yellow Freight Sys., Inc.</u>, 734 F.2d 1304, 1309 (8th Cir. 1984)……………………...3

<u>Palmquist v. Shinseki</u>, 729 F. Supp. 425, 431 (D. Me. 2010)……………………………………4

<u>Paolitto v. John Brown E. & C., Inc.</u>, 151 F.3d 60, 65 (2d Cir. 1998)…………………………2, 3

<u>Parrish v. Sollecito</u>, 280 F. Supp. 2d 145, 166-67 (S.D.N.Y. 2003)……………………………3, 4

<u>Wade v. Wash. Metro. Area Transit Auth.</u>, No. Civ. 01-0334, Civ. 01-2385, 2006 WL 890679, at *4 (D.D.C. Apr. 5, 2006)…………………………………………………………………………4

### STATUTES

E.D.N.Y. Civ. R. 56.1……………………………………………………………………………..1

Fed. R. Evid. 401……………………………………………………………………….....1, 6, 8

Fed. R. Evid. 402…………………………………………………………………………1, 6, 8

Fed. R. Evid. 403……………………………………………………………………1, 3, 4, 6, 7, 8

Fed. R. Evid. 404(b)……………………………………………………………………………3

Fed. R. Evid. 608………………………………………………………………………… …...2

Fed. R. Evid. 608(b)………………………………………………………………………6, 7, 8

Fed. R. Evid. 609………………………………………………………………………………2

Fed. R. Evid. 801(c)……………………………………………………………………………5

Fed. R. Evid. 803(8)…………………………………………………………...…………..5

N.Y. Crim. Proc. § 170.55(8)……………………………………………………...….…3

**SECONDARY SOURCES**

Moore's Federal Rules Pamphlet § 402.5 (2002)……………………………………………1

## PRELIMINARY STATEMENT

Plaintiff Earline Skates ("Skates" or "Plaintiff") respectfully submits the instant motion to exclude from evidence (a) the Equal Employment Opportunity Commission (EEOC) and/or the New York State Division of Human Rights (NYSDHR) findings of no probable cause, (b) alleged misstatements in Plaintiff's Job Application. Plaintiff argues for exclusion as such evidence is irrelevant to Plaintiff's claims in the instant matter and is substantially prejudicial as the evidence will only be introduced to unfairly and improperly persuade the Jury for reasons having no relevance whatsoever to the unlawful conduct of Costco.

## LEGAL STANDARD

Relevant evidence is, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant to any issue or claim tends to prove nothing of consequence, and therefore should be excluded at trial. Moore's Federal Rules Pamphlet § 402.5 (2002). This exclusionary principle is set forth in Rule 402, which mandates: "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Even if the Court determines that evidence is relevant, the Court must evaluate whether the probative value of this evidence is outweighed by its potential for unfair prejudice and jury confusion. Rule 403 provides that even otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT
### POINT I

1

## DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF THE EEOC AND/OR NYSDHR FINDINGS OF NO PROBABLE CAUSE

Plaintiff also moves to exclude all references to determinations on Plaintiff's discrimination complaints issued by a government agency (such as the NYSDHR or EEOC). Exclusion of those determinations is proper, as they have little probative value and are not reliable, and their admission will unnecessarily lengthen the trial. See Fed. R. Evid. 403; Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 65 (2d Cir. 1998) (affirming decision to exclude administrative determination of the Connecticut Commission on Human Rights and Opportunities); Coleman v. Home Depot, Inc., 306 F.3d 1333, 1347 (3d Cir. 2002) (affirming decision to exclude EEOC determination because low probative value was outweighed by undue delay and waste of time that would occur if determination was admitted).

Skate's determinations from state and federal agencies (i.e., the NYSDHR and EEOC) are unreliable because they were made without conducting a true investigation into Skate's claims. For example, the NYSDHR decision of January 31, 2014, mischaracterizes Plaintiff's dispute by failing to identify the underlying reasons for Plaintiff's complaint to begin with. The NYSDHR clearly did not thoroughly investigate as there is no documented evidence or testimony from Plaintiff or Defendant establishing or even addressing the adverse action taken against Plaintiff as a result of her engaging in protected activity. Id. Additionally, it seems apparent that the NYSDHR based its determination solely on the Defendant's Rebuttal statement and otherwise failed to conduct an outside investigation as much of the determination's reasoning is simply summaries from Defendant's rebuttal. Lastly, the NYSDHR Determination and Order failed to mention or take into account a wholelistic review of Plaintiff's employment experience, namely her disability which necessitated leave request. Thus, at minimum, the NYSDHR decision and order failed to conduct the basic quality

2

of investigation required and leaves much to the imagination which is extremely prejudice to Plaintiff's cause. Courts have excluded agency determinations where, as here, the quality of the agency investigation is questionable or where its admission would be unduly prejudicial. See Parrish v. Sollecito, 280 F. Supp. 2d 145, 166-67 (S.D.N.Y. 2003). Furthermore, any minor probative value of the determination is further diminished by the fact that the NYSDHR issued its decision without legal citation. Finally, a jury might give the decision undue weight. See Cambra v. Rest. Sch., No. Civ. A04-2688, 2005 WL 2886220, at *3-5 (E.D. Pa. Nov. 2, 2005) (excluding EEOC Letter of Determination because its unsupported legal conclusions might be given undue weight by a jury).

Agency determinations also should be precluded by the hearsay rule because they consist of out-of-court statements offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). Nor should they be admitted under the public records exception to the hearsay rule because there are circumstances that indicate a lack of trustworthiness in its findings. See Fed. R. Evid. 803(8); Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167 (1988) ("a trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof . . . that she determines to be untrustworthy"). The Second Circuit has questioned the value of agency determinations in discrimination cases, noting that "employment-agency determinations 'are not homogeneous products; they vary greatly in quality and factual detail.'" Paolitto, 151 F.3d at 65 (quoting Johnson v. Yellow Freight Sys., Inc., 734 F.2d 1304, 1309 (8th Cir. 1984)).

Furthermore, admission of agency determinations would unduly complicate the trial and confuse the jury. If evidence of the determinations were admitted, it would mislead the jury unless plaintiff was allowed to present evidence concerning the inadequacy of the given investigation. Moreover, with respect to agency determinations, the jury also might be unduly

3

influenced because it is a finding made by a government agency, notwithstanding their lack of reliability. See City of New York v. Pullman Inc., 662 F.2d 910, 915 (2d Cir. 1981) (administrative report properly excluded under Rule 403 where "report would have been presented to the jury in 'an aura of special reliability and trustworthiness' which would not have been commensurate with its actual reliability" (internal citation omitted); Dodson v. CBS Broad., Inc., 423 F. Supp. 2d 331, 334-35 (S.D.N.Y. 2006) (excluding EEOC determination because of its low probative value and risk that jury would be unduly influenced); Giannone v. Deutsche Bank Sec., Inc., No. 03 Civ. 9665, 2005 WL 3577134, at *3 (S.D.N.Y. Dec. 30, 2005) (precluding EEOC no-probable-cause determination because it would unduly influence jury); Parrish, 280 F. Supp. 2d at 166-67 (EEOC determination properly excluded in order to avoid unfair prejudice and confusion); Wade v. Wash. Metro. Area Transit Auth., No. Civ. 01-0334, Civ. 01-2385, 2006 WL 890679, at *4 (D.D.C. Apr. 5, 2006) (excluding EEOC determinations because of danger of unfair prejudice). Accordingly, NYSDHR and EEOC determinations, lacking in reliability or probative value, and likely to confuse and mislead the jury, should be excluded.

## POINT II

## DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE OF ANY MISTATEMENTS IN SKATE'S FREEPORT EMPLOYMENT APPLICATION

During Skate's deposition, Defendant pointed out that there may be discrepancies in Skate's Freeport employment application. (Skates Dep. Pg:37 ¶25). Any evidence introduced regarding Plaintiff's possible misstatements on her Freeport employment application are irrelevant, unduly prejudicial, and do not weigh upon Plaintiff's credibility. See Fed. R. Evid. 401, 402, 403, 608(b). Where the quality of after-acquired evidence is "so flimsy" that its only purpose is to smear the plaintiff, then the court can exclude that evidence. Palmquist v. Shinseki,

729 F. Supp. 425, 431 (D. Me. 2010). Evidence of any discrepancies in Skate's employment application is irrelevant. Freeport did not refuse to hire Skates based on her application. Freeport did not terminate Skates based on discrepancies in her application. Skate's employment application has no relevance whatsoever to the matter before this Court which is whether Freeport unlawfully discriminated against Skates and if Freeport engaged in retaliation against Skates after learning of Skate's NYSDHR charge of discrimination and participation in protected activity, namely First Amendment Right of Expression, and if Freeport engaged in violation of the FMLA by interfering and/or retaliating against Skates due to a covered injury.

Additionally, and upon information and belief, Freeport was unaware of such discrepancies due to confusion in the wording of the application and unknowingly made such misstatements, thus, any discrepancies are not probative of her truthfulness. See Fed. R. Evid. 608(b); Crimm v. Missouri Pacific R. Co., 750 F.2d 703, 707 (8th Cir. 1984) (Court held that lower court did not abuse its discretion in determining evidence of application falsification was inadmissible where witness was confused as to whether her conviction was expunged thus not being probative of her truthfulness). Skates would certainly be unduly prejudiced as the jury could insinuate that because Skates made misstatements on her application then she is not a credible witness. See Fed. R. Evid. 403. This is certainly not the case as any misstatements Skates may have made on her application were due to a misunderstanding of the application and were done unknowingly and unintentionally. These misstatements have no bearing whatsoever on Skate's credibility or on whether he was unlawfully discriminated and retaliated against by Freeport and would be unduly prejudicial. Therefore, Skate's Freeport application discrepancies should be excluded from evidence.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine excluding any evidence from or related to (a) the Equal Employment Opportunity Commission (EEOC) and/or the New York State Division of Human Rights (NYSDHR) findings of no probable cause, (b) alleged misstatements in Plaintiff's Job Application. Plaintiff argues for exclusion as such evidence is irrelevant to Plaintiff's claims in the instant matter and is substantially prejudicial as the evidence will only be introduced to unfairly and improperly persuade the Jury for reasons having no relevance whatsoever to the unlawful conduct of Freeport.

Dated: Garden City, New York
February 14, 2017

Respectfully Submitted,
HENRY LAW GROUP

/s/

CHAUNCEY D. HENRY, ESQ. (CH2982)
*Attorneys for Plaintiff, Earline Skates*
825 E. Gate Blvd., Suite 106
Garden City, New York 11530
Phone: (516) 366-4367
Fax:    (516) 688-3955
Email:  chauncey.henry@hlawg.com

6

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that this 14th day of February, 2017, a true and correct copy of the Plaintiff's Motion In Limine, was served via ECF and via United States Postal Service First Class Mail, on the following counsel of record for Defendant:

Bee Ready Fishbein Hatter & Donovan, LLP
Attention: Deanna D. Panico, Esq.
170 Old Country Road
Mineola, New York 11502
Phone: (516) 746-5599

<u>/s/</u>
CHAUNCEY D. HENRY, ESQ.